UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRIET LAURA NORTHRUP,

                  Petitioner,

                                    Civil Action No. 11-cv-12801

v.                                 HON.  BERNARD A. FRIEDMAN

MILLICENT WARREN,

                  Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Harriet Laura Northrup filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges her state court sentences upon her guilty plea to forgery, uttering and publishing, embezzlement and false pretenses.  Respondent Millicent Warren argues in an answer that petitioner is not entitled to habeas relief.  The Court agrees.  Accordingly, the habeas petition will be denied.

### I.  Background

Petitioner was charged with more than eighty counts of forgery, uttering and publishing, embezzlement and false pretenses.  The charges arose from allegations that petitioner took, without permission, over $100,000 from the law firm which employed her and $40,000 from a mentally incompetent client of the firm.  On June 26, 2007, petitioner pleaded guilty to three counts of forgery, MICH. COMP. LAWS § 750.248, three counts of uttering and publishing, MICH. COMP. LAWS § 750.249, one count of embezzlement by an agent or trustee for $20,000 or more, MICH. COMP. LAWS § 750.174(5)(a), and one count of false pretenses greater than $1,000 and less

than $20,000, MICH. COMP. LAWS § 750.218(4)(a).   In return, the prosecutor dismissed the remaining counts.   There was no sentencing agreement, and on August 8, 2007, the trial court sentenced petitioner to concurrent terms of imprisonment as follows:  nine years and four months to fourteen years for the forgery and uttering-and-publishing convictions; six years and eight months to ten years for the embezzlement conviction; and three years and four months to five years for the false-pretenses conviction.

Petitioner initially filed a *pro se* application for leave to appeal in the Michigan Court of Appeals, claiming that the trial court had failed to appoint appellate counsel for her.  In lieu of granting leave to appeal, the Court of Appeals remanded the case to the trial court for appointment of counsel. *See People v. Northrup*, No. 281200 (Mich. Ct. App. July 10, 2008).

Counsel for petitioner then challenged petitioner's sentence in a delayed application for leave to appeal.  The Michigan Court of Appeals vacated petitioner's sentence and remanded her case to the trial court for resentencing.  The Court of Appeals ordered the trial court not to consider offense variable nine of the sentencing guidelines because petitioner's victims were not placed in danger of physical injury.   The Court of Appeals denied the application for leave to appeal in all other respects. *See People v. Northrup*, No. 288821 (Mich. Ct. App. Jan. 6, 2009).  Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on July 9, 2009 because it was not persuaded to review the issues. *See People v. Northrup*, 483 Mich. 1132 (2009) (table).

Meanwhile, on remand, the trial court re-sentenced petitioner to the same sentence. Petitioner appealed her new sentence, but the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Northrup*, No. 294602  (Mich. Ct. App. Dec. 2, 2009).  The Michigan Supreme Court denied leave to appeal on June 28, 2010 because it was not

2

persuaded to review the issues.  *See People v. Northrup*, 486 Mich. 1043 (2010) (table).

In her request for habeas relief, petitioner alleges: (1) the trial court erred by conducting a full re-sentencing on remand from the Michigan Court of Appeals; (2) the trial court erroneously scored offense variables four, ten, thirteen, and nineteen of the sentencing guidelines; (3) the trial court failed to show substantial and compelling reasons for departing upward from the minimum sentencing guidelines range; (4) her sentence constitutes cruel and unusual punishment; and (5) the trial court exhibited vindictiveness and bias at her re-sentencing.

Respondent Millicent Warren argues in an answer to the petition that petitioner did not exhaust state remedies for her fourth and fifth claims by raising those claims in both the Michigan Court of Appeals and the Michigan Supreme Court.  In any event, petitioner's claims lack substantive merit and exhaustion is not a jurisdictional limitation. *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3274 (2010).  The Court, therefore, excuses petitioner's failure to comply with the exhaustion requirement and will proceed to address the merits.

## II.  Standard of Review

Petitioner presented her first four habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court.  The Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  These rulings were adjudications on the merits. *Werth v. Bell*, __ F.3d __, __, No. 10-2183, 2012 WL 3667226, at *5 (6th Cir. Aug. 28, 2012).  Consequently, under 28 U.S.C. § 2254, petitioner is not entitled to the writ of habeas corpus on those claims unless the state courts' adjudications of those claims:

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus, petitioner must show that the state courts' rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

No state court adjudicated the merits of petitioner's fifth claim regarding judicial vindictiveness and bias. Consequently, this Court's review of that claim is *de novo*. *Amos v. Renico*, 683 F.3d 720, 731 (6th Cir. 2012).

## III.  Discussion

### A.  Resentencing on Remand

4

The first habeas claim alleges that the trial court erred by conducting a full re-sentencing hearing on remand from the Michigan Court of Appeals.  Petitioner claims that the remand was for the limited and specific purpose of omitting any points scored under offense variable nine.  The trial court erred, according to petitioner, by conducting a full re-sentencing and by recalculating all the sentencing guidelines.

Petitioner alleges that, under state law, a remand for resentencing is limited by the scope of the remand.  But "the question of whether the state trial court followed the appellate court's instructions on remand is one of state law."  *Norwood v. Bell*, No. 06-0429, 2009 WL 1525989, at *6 (W.D. Mich. June 1, 2009) (unpublished).  "A federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Even if petitioner had alleged a cognizable claim, it would lack merit.  The Court of Appeals did not say that its remand was limited to deducting ten points for offense variable nine or that the trial court could not reconsider the sentencing guidelines before resentencing petitioner.  Rather, the Court of Appeals  stated that the case was "remanded for resentencing" and that the trial court should not consider offense variable nine when resentencing petitioner.   Following resentencing, petitioner raised her claim about the proceedings on remand in the Michigan Court of Appeals and in the Michigan Supreme Court.  Neither court stated that the trial court had exceeded the scope of the remand, and a federal habeas court must abide by the state court's interpretation of state law. *Miller v. Alabama*, __ U.S. __, __, 132 S. Ct. 2455, 2462 n.2 (2012); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

Thus, petitioner's claim is not cognizable on habeas review, and even if it were, this

5

Court is bound by the state court's implicit determination that the trial court did not exceed the scope of the remand. Petitioner has no right to habeas relief on the basis of her first claim.

## B. The Sentencing Guidelines

Habeas claims two and three challenge the trial court's calculation of the state sentencing guidelines and its decision to exceed the sentencing guidelines range. Petitioner claims that the trial court erroneously scored four offense variables of the sentencing guidelines and failed to show substantial and compelling reasons for departing upward from the sentencing guidelines.

### 1. Offense Variables Ten, Thirteen, and Nineteen

The state court's alleged misinterpretation and application of its sentencing laws and guidelines "is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)); *see also Garcia-Dorantes v. Warren*, 769 F. Supp.2d 1092, 1112 (E.D. Mich. 2011) (stating that a challenge to the state court's sentencing guidelines and departure from the recommended guidelines range raised only issues of state law, which were not cognizable on habeas corpus review).

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). And although petitioner characterizes the state court's scoring of offense variable ten as a denial of due process, that characterization "does not transform h[er] state law claim into a federal constitutional claim." *Norwood v. Bell*, 2009 WL 1525989, at *6 (citing *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000)). As a result, petitioner's arguments about offense variables ten, thirteen, and nineteen and the trial court's failure to provide a substantial reason for exceeding the guidelines are not cognizable on federal habeas corpus review. *Tironi v. Birkett*, 252

6

F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

### 2. Offense Variable Four

Petitioner alleges that the trial court's scoring of offense variable four violated her right to due process of law because it was based on inaccurate facts. To support this claim, petitioner cites *Townsend v. Burke*, 334 U.S. 736, 741 (1948), in which the Supreme Court stated that a trial court violates the constitutional right to due process when it relies on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. This argument does, in fact, implicate a constitutional claim and is cognizable on habeas review. Habeas relief may only be granted, however, if petitioner demonstrated that her sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 US. 443, 447 (1972).

Offense variable four measures psychological injury to the victim. MICH. COMP. LAWS § 777.34. Petitioner received ten points for offense variable four, which is appropriate if "serious psychological injury requiring professional treatment occurred to a victim." MICH. COMP. LAWS § 777.34(1)(a). "In making this determination, the fact that treatment has not been sought is not conclusive." MICH. COMP. LAWS § 777.34(2).

Petitioner claims that there was no evidence that her former employer, attorney Richard Kralick, suffered serious psychological injury requiring professional treatment. On the contrary, the trial court highlighted that Mr. Kralick was very upset at the initial sentencing hearing because petitioner's crimes cost him his retirement and soiled his reputation. The trial court stated that it was impossible for Mr. Kralick to get psychological treatment because he died shortly after

the hearing.  The trial court nevertheless thought that Mr. Kralick probably would have required psychological treatment had he lived and that the crimes probably contributed to his death.  The trial court offered to schedule another hearing where Mr. Kralick's wife could testify, but counsel for petitioner declined the offer.  (Tr. Jan. 30, 2009, at 6-7, 18.)

Petitioner failed to show that the trial court relied on extensively and materially false information, which she and her attorney had no opportunity to correct.  Consequently, she has no right to habeas relief on the basis of her claim about offense variable four.

### C.  Cruel and Unusual Punishment

Petitioner further alleges next that her sentence of nine years, four months to fourteen years constitutes cruel and unusual punishment under the state and federal constitutions.  She claims that a sentence within the sentencing guidelines, which were much lower, would have been sufficient punishment.  She also points out that she did not have a criminal history, and she contends that she committed "typical" embezzlement offenses, which were taken into account in the sentencing guidelines.

The alleged violation of the Michigan Constitution is not a basis for habeas corpus relief.  *McGuire*, 502 U.S. at 67-68.  A federal habeas court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the United States.  *Id*. at 68.  And even though the Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments," U.S. CONST. amend. VIII, "it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288  (1983)).

"[T]he Supreme Court has held that life sentences for even nonviolent offenses are

8

constitutional." *United States v. Watkins*, 509 F.3d 277, 282 (6th Cir. 2007) (citing *Ewing v. California*, 538 U.S. 11, 30-31 (2003) (upholding a repeat offender's sentence of twenty-five years to life imprisonment for stealing three golf clubs), and *Harmelin*, 501 U.S. at 994-995 (upholding a life sentence without the possibility of parole for possession of 672 grams of cocaine)). Furthermore, although petitioner's sentence of nine years and four months to fourteen years for forgery and uttering and publishing exceeded the recommended guidelines range, the sentence did not exceed the statutory limit of fourteen years. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

The Court concludes that petitioner's sentence of nine years and four months to fourteen years is not grossly disproportionate to the crimes of which she was convicted, nor cruel and unusual punishment under the Eighth Amendment. Petitioner has no right to relief on the basis of her fourth claim.

### D.  The State Court Judge

In her fifth and final claim, petitioner alleges that the trial court was vindictive and biased against her.

#### 1.  Vindictiveness

In *Pearce v. North Carolina*, 395 U.S. 711, 725 (1969), the Supreme Court stated that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." To assure the absence of a retaliatory motivation by the sentencing judge, the reasons for imposing a

9

more severe sentence after a new trial, must appear on the record and be based on objective information about the defendant's conduct after the original sentencing proceeding. *Id*. at 726. "This rule has been read to '[apply] a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence.'" *Wasman v. United States*, 468 U.S. 559, 565 (1984) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)). When this presumption does not apply, the defendant must establish a due process violation by proof of actual vindictiveness. *Id*. at 569.

Petitioner was sentenced to the same sentence following her successful appeal of her sentence. The *Pearce* presumption does not arise when, as here, "the resentence term is equal to the original sentence." *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002) (citing *United States v. Blanton*, No. 90-5533, 1990 WL 197832, at *5 (6th Cir. Dec. 7, 1990)). The question then is whether petitioner has proved actual vindictiveness.

As evidence of the trial court's alleged vindictiveness, petitioner points out that the trial court deducted ten points for offense variable nine, as ordered by the Michigan Court of Appeals, but then added the points to another offense variable so that the guidelines score and new sentence remained the same as the original sentence. Petitioner claims that the trial court was angered by the Michigan Court of Appeals reversal. On the other hand, the records reflects that the trial court implied it was reversed on the sentencing issue merely on account of a change in the law. (Tr. Jan. 30, 2009, at 2, 12.) Consequently, petitioner failed to prove that the trial court sentenced her out of an act of vindictiveness.

### 2. Bias

Petitioner had a constitutional right to a hearing before an unbiased judge. *Bracy v.*

10

*Gramley*, 520 U.S. 899, 904-905 (1997).  But a judge's misconduct "may be 'characterized as bias or prejudice' only if 'it is so extreme as to display clear inability to render fair judgment,' so extreme in other words that it 'display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible.'"  *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 551, 555 (1994)).

   The record in this case does not reflect that the trial court was unable to render a fair judgment or that it was unfairly antagonistic toward petitioner.  Instead, the trial court stated that it was exceeding the sentencing guidelines for a variety of reasons, including: the devastating effect of the crimes on the victims; the fact that the court could not consider the number of victims under offense variable nine; the inadequacy of prior record variable seven (number of concurrent felony convictions) and certain offense variables; and the fact that petitioner had not paid any restitution and appeared to lack remorse.  (Tr. Jan. 30, 2009, at 15-26.)

   Petitioner maintains that the trial court blamed her for Mr. Kralick's death.  While the trial court did say that Mr. Kralick's death "was probably contributed to in this matter by the fact that he lost everything," *id*. at 18, the court should not be recused for bias or prejudice as a result of what it learned during the course of the proceedings.  *Liteky*, 510 U.S. at 550-551.  And judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge."  *Liteky*, 510 U.S. at 555.

   In conclusion, the trial court's reasons for resentencing petitioner to the same sentence appear to have been based on legitimate concerns, not on actual vindictiveness or extreme bias against petitioner.  The Court, therefore, declines to issue the writ on the basis of petitioner's claim of judicial vindictiveness and bias.

**IV.  Conclusion**

Petitioner's fifth claim lacks substantive merit because her constitutional right to be sentenced by a judge who was not biased or vindictive was not violated.  The state court's rejection of petitioner's other claims was not contrary to clearly established federal law, an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED a certificate of appealability is denied.

IT IS FURTHER ORDERED that in the event petitioner appeals this Court's decision, she may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Date:  October 30, 2012

12